William B. FALCK, Appellant,

v.

UNITED STATES of America, Appellee.

No. 83–1903.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 15, 1983.

Decided Jan. 6, 1984.

James M. Rosenbaum, U.S. Atty. by Mary L. Egan, Asst. U.S. Atty., D. Minn., Minneapolis, Minn., for appellee.

Steven E. Elias, Robert J. Milavetz, Michael R. Docherty, Law Clerk, Crystal, Minn., for appellant.

Before HEANEY, ROSS and FAGG, Circuit Judges.

PER CURIAM.

William B. Falck brought this action for contribution and indemnity against the United States under the Federal Tort Claims Act (FTCA), seeking recovery of the amount of a state court judgment obtained against him by his wife, Sandra Falck. The district court[1] granted the United States summary judgment, applying the rule of *Feres v. United States,* 340 U.S. 135, 146, 71 S.Ct. 153, 159, 95 L.Ed. 152 (1950). *Feres* absolves the United States government of liability for injuries to servicemen which arise out of or are in the course of activity incident to service. Without addressing the merits of the district court's holding, we remand for a finding on whether Falck's action should be dismissed as collusive, in violation of 28 U.S.C. § 1359. We retain jurisdiction of this case pending the district court's determination on remand.

On October 30, 1974, Falck was on active duty with the United States Air Force, apparently stationed at Travis Air Force Base, Solono County, California. During Falck's off-duty hours, he and his wife went to the Airmen's Club, which is located on leased land within the boundaries of the Travis Air Force Base. Employees of the air force base operate the Airmen's Club. It employs civilians as well as military personnel and is under the control and supervision of the Morale, Welfare and Recreation Division of Travis Air Force Base. Nonmilitary personnel may patronize the club. Falck, who was underage and dressed in civilian clothes, became intoxicated at the club. He left driving a privately owned automobile with his wife, who had also been drinking. Enroute to visit a civilian friend, Falck lost control of his car and struck a tree along a public road outside of the military base. Sandra Falck was severely and permanently injured. A test administered by the Solono County authorities after the accident indicated Falck had a blood alcohol concentration level of over 0.20. He was subsequently charged and convicted of driving while under the influence.

In 1980, Sandra Falck made an administrative claim against the United States under the FTCA for her injuries. The claim was denied as untimely under the Act's two-year limitation period. *See* 28 U.S.C. § 2401(b). Also in 1980, Sandra Falck sued her husband in Minnesota state court. Attorneys sharing the same office space represented both Falcks in the state court action. Falck brought a third-party complaint against the United States which was later

---

1. The Honorable Diana E. Murphy, United States District Court Judge for the District of Minnesota.

dismissed without prejudice. Falck never filed an answer in the state court action, although he claims he served his answer and responses to admission requests on the opposing party. In September, 1981, Sandra Falck obtained a summary judgment in the state court action for $200,000, plus costs. William Falck apparently did not oppose the summary judgment motion.

After his claim for administrative remedies under the FTCA was denied, Falck brought this action for contribution and indemnity against the United States in federal district court. The United States moved to dismiss the action as collusive and as barred by *Feres v. United States, supra.* The district court did not discuss the collusion issue, but held that the *Feres* doctrine bars a recovery in this case. The district court examined the underlying policy considerations of the doctrine as set out in *Miller v. United States,* 643 F.2d 481 (8th Cir.1980), and found that Falck must assert the same theories of government negligence in a contribution action as he would in an action to recover for injuries of his own. According to the district court, such an action threatens the special relationship between servicemen and their superiors and the "distinctly federal" relationship between the government and members of the armed forces. The district court also found Falck's actions were "incident to service" as required for *Feres* to apply.

We express no opinion at this time on the district court's application of the *Feres* doctrine to the facts of this case. Before reaching this issue, we require a factual finding on whether the Falcks engaged in collusion to secure the state court judgment. Accordingly, we remand to the district court for a finding on this disputed factual issue and retain jurisdiction pending that determination.